UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Case No. 19-CR-67

XENGXAI YANG,

    Defendant.

## MOTION TO ADJOURN SENTENCING

The defendant, by attorney Tom Phillip, hereby requests that the Court reschedule the sentencing hearing currently scheduled for April 13, 2020. The defendant believes that the ends of justice served by an adjournment outweigh the best interest of the public and the defendant. *See* 18 U.S.C. § 3161(h)(7)(A).

As grounds, counsel submits the following:

1. Yang is charged in an indictment with armed bank robbery, brandishing a firearm in relation to a crime of violence, and possession of a short-barreled rifle, all in violation of 18 U.S.C. §§ 2113(a), 924(c), and 26 U.S.C. § 5841. Docket No. 1.

2. Yang's prior counsel entered a notice of an insanity defense (Docket No. 8), and a court-appointed psychologist examined Yang and filed a

report. Docket No. 13. The report found that Yang was sane at the time of the offense.

3. On January 17, 2020, Yang entered guilty pleas to Counts 1 and 2 pursuant to a written plea agreement. Docket Nos. 15, 16.

4. On February 6, 2020, Yang filed a *pro se* letter requesting new counsel and also asking to withdraw his plea. Docket No. 17.

5. On February 10, 2020, the Court held a status conference and allowed prior counsel to withdraw. Docket No. 18. New counsel was allowed to explore whether motions to withdraw the defendant's guilty plea and/or to file for an insanity defense were warranted. The sentencing date was kept on the calendar as previously scheduled for April 13, 2020. *Id*.

6. Undersigned counsel filed a notice of appearance on February 19, 2020. Docket No. 19.

7. Counsel retained an expert to review the prior report regarding the defendant's sanity. The expert will also further examine the defendant and will consult with counsel regarding whether further filings are warranted. Even without the current problems regarding COVID-19, that examination and consultation would not be complete by the time of the currently scheduled sentencing hearing.

8. Counsel received paper file materials from prior counsel, and with the help of the government, has received new copies of voluminous audio/video evidence. Counsel is in the process of reviewing these materials. Again, even without scheduling and meeting problems posed by COVID-19, counsel's review of the discovery materials would not be complete by the time of the currently scheduled sentencing hearing.

9. Counsel is authorized to state that the government does not object to rescheduling this case.

10. Counsel believes that the ends of justice served by an adjournment outweigh the best interest of the public and the defendant. *See* 18 U.S.C. § 3161(h)(7)(A).

11. Specifically, an adjournment accomplishes multiple ends. First, the additional time will allow counsel to review discovery and talk to the defendant. Second, additional time would allow the defense expert time to meet with the defendant, examine him, and consult with counsel regarding any insanity defense. Third, the additional time would enable counsel for the defendant the reasonable time necessary for effective preparation regarding any possible motions regarding plea withdrawal and/or an insanity defense, taking into account the exercise of due diligence. *See* 18 U.S.C. § 3161(h)(7)(B)(iv).

THEREFORE, on the above grounds, counsel for Yang respectfully requests that the sentencing hearing be adjourned. Counsel requests that the matter be placed on the calendar for a status conference in approximately 60 days.

Dated at Green Bay, Wisconsin, this 18th day of March, 2020.

Respectfully submitted,

**s/ Tom Phillip**
Tom Phillip, Bar #1023113
Attorney for Defendant
Federal Defender Services of Wisconsin, Inc.
801 E. Walnut Street, Second Floor
Green Bay, Wisconsin 54301-4401
Tel: 920-430-9900
Fax: 920-430-9901
tom_phillip@fd.org

N:\Cases-Open\Y-Z\Yang, Xengxai - 20-065\Pre-trial\Motion to Adjourn Sentencing.docx