UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                      Case No. 19-CR-67

XENGXAI YANG,

    Defendant.

---

**MOTION TO WITHDRAW GUILTY PLEA
AND REQUEST FOR LEAVE TO
RE-INSTITUTE INSANITY DEFENSE**

---

The defendant, by attorney Tom Phillip, pursuant to FED. R. CRIM. P. 11(d)(2)(B), hereby requests that the Court allow the defendant to withdraw his plea of guilty. If that request is granted, the defendant would then request leave to file notice of an insanity defense.

As grounds, counsel submits the following:

1. Yang was charged in an indictment with armed bank robbery, brandishing a firearm in relation to a crime of violence, and possession of a short-barreled rifle, all in violation of 18 U.S.C. §§ 2113(a), 924(c), and 26 U.S.C. § 5841. Docket No. 1.

2. Yang's prior counsel entered a notice of an insanity defense (Docket No. 8) under FED. R. CRIM. P. 12.2(a), and a court-appointed psychologist examined Yang and filed a report. Docket No. 13. The report found that Yang was sane at the time of the offense.

3. On January 17, 2020, Yang withdrew the request for an insanity defense and entered guilty pleas to Counts 1 and 2 pursuant to a written plea agreement. Docket Nos. 15, 16.

4. On February 6, 2020, Yang filed a *pro se* letter requesting new counsel and also asking to withdraw his plea. Docket No. 17.

5. On February 10, 2020, the Court held a status conference and allowed prior counsel to withdraw. Docket No. 18.

6. Undersigned counsel filed a notice of appearance on February 19, 2020. Docket No. 19. After clarifying the status of the case, undersigned counsel was allowed to explore whether motions to withdraw the defendant's guilty plea and/or to file for an insanity defense were warranted. Docket Nos. 20, 21, 24, 25.

7. Counsel retained an expert to review the prior report regarding the defendant's sanity. The expert further examined the defendant and consulted with counsel regarding an insanity defense. The expert prepared a written report that supports the insanity defense. Pursuant to FED. R. CRIM. P.

12.2(c)(3)(disclosing results and reports of the defendant's expert examination), counsel for Yang will file the report separately, along with a motion to seal.

8. FED. R. CRIM. P. 11(d)(2)(B) states that the defendant may withdraw his plea prior to sentencing if the defendant can show a fair and just reason for withdrawal of the plea. Counsel for Yang argues that the new report supporting an insanity defense constitutes a fair and just reason to withdraw the guilty plea.

9. In examining a motion to withdraw a guilty plea, the district court has three options: 1) permit withdrawal for a fair and just reason; 2) conduct an evidentiary hearing; or 3) deny withdrawal with an explanation as to why the evidence is insufficient or incredible. *United States v. Rinaldi*, 461 F.3d 922, 927 (7th Cir. 2006).

10. If the Court allows Yang to withdraw his guilty plea, counsel for Yang would then request leave to file a notice of an insanity defense under 18 U.S.C. § 17 and FED. R. CRIM. P. 12.2.

11. This matter is currently set for a counsel-only status conference on July 29, 2020. Counsel for Yang suggests that the parties and Court take up the issue of whether further briefing, argument, or an evidentiary hearing is necessary at the status conference.

THEREFORE, on the above grounds, counsel for Yang respectfully requests that the defendant be allowed to withdraw his guilty plea, and, if that request is granted, Yang would then request leave to file notice of an insanity defense.

Dated at Green Bay, Wisconsin, this 22d day of July, 2020.

Respectfully submitted,

**s/ Tom Phillip**
Tom Phillip, Bar #1023113
Attorney for Defendant
Federal Defender Services of Wisconsin, Inc.
801 E. Walnut Street, Second Floor
Green Bay, Wisconsin 54301-4401
Tel: 920-430-9900
Fax: 920-430-9901
tom_phillip@fd.org

N:\Cases-Open\Y-Z\Yang, Xengxai - 20-065\Pre-trial\Motion to Withdraw Plea etc.docx