UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Case No. 19-CR-67

XENGXAI YANG,

    Defendant.

## GOVERNMENT'S RESPONSE TO DEFENDANT'S
## MOTION TO WITHDRAW PLEA

### I. BACKGROUND

The United States of America, by and through its attorneys, Matthew D. Krueger, United States Attorney, and Andrew J. Maier, Assistant United States Attorney, hereby submits the following response to the defendant's motion to withdraw his guilty plea. The defendant argues that a fresh report presents a "fair and just" reason for plea withdrawal. In the government's view, the defendant has not provided sufficient evidence to overturn sworn admissions he made in the plea hearing.

### II. MOTION TO WITHDRAW PLEA

    A. Legal Standard

"Once a district court accepts a guilty plea, the defendant may withdraw it only for a 'fair and just reason.'" FED. R. CRIM. P. 11(d)(2); United States v. Rinaldi, 461 F.2d 922, 927 (7th Cir. 2006); United States v. Silvious, 512 F.3d 364, 368 (7th Cir. 2008). Legal innocence is, of course, one of the acceptable reasons. *See* Rinaldi at 927. "The burden lies with the defendant to demonstrate a fair and just reason for withdrawal." Silvious at 368-69. *See also* United States v. Walker, 447 F.3d 999, 1004 (7th Cir. 2006).

The court should evaluate the defendant's claims at the time he seeks plea withdrawal with the information provided up to that point. The court should determine the credibility of the defendant's claims, and can do so with or without an evidentiary hearing. Appellate courts review for abuse of discretion. *See, generally*, Rinaldi and Silvious. In Silvious, the trial court made a credibility determination of the defendant's claims of innocence as to an intent element, as compared to statements made during the Rule 11 colloquy where he pleaded guilty. The Seventh Circuit upheld the trial court's finding that the defendant's later claims of innocence lacked credibility, because the defendant earlier "admitted the factual basis prepared by the government." Silvious, at 369.

The purpose of Rule 32(e) is "to allow a hastily entered plea made with unsure heart and confused mind to be undone, not to allow a defendant 'to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty.' " United States v. Alexander, 948 F.2d 1002, 1004 (6th Cir.1991) (quoting United States v. Carr, 740 F.2d 339, 345 (5th Cir.1984)). The Seventh Circuit described the process as follows in United States v. Messino, 55 F.3d 1241, 1248 (1995):

> When a defendant wishes to withdraw his plea after he states at a Rule 11 hearing that it was freely and knowingly given, he 'faces an uphill battle in persuading the judge that his purported reason for withdrawing his plea is "fair and just."' United States v. Groll, 992 F.2d 755, 758 (7th Cir.1993) (quoting United States v. Trussel, 961 F.2d 685, 689 (7th Cir.1992)). The presumption of verity is overcome only if the defendant 'satisfies a heavy burden of persuasion.' United States v. Malave, 22 F.3d 145, 148 (7th Cir.1994) (citation omitted). 'The district court is generally justified in discrediting the proffered reasons for the motion to withdraw and holding the defendant to [his] admissions at the Rule 11 hearing.' (Quoting Groll, 992 F.2d at 758).

Deciding a motion to withdraw a guilty plea is not, therefore, so simple as answering the question "Did the defendant provide a reason?" in the affirmative. The court must be convinced that something *unfair* and *unjust* will occur, should the matter continue to sentencing.

2

B. Analysis

On January 17, 2020, the defendant entered guilty pleas to Counts One and Two of the Indictment. A written 14-page plea agreement signed by the parties supported his free, knowing, and voluntary entry of a guilty plea. This plea agreement was provided to the defense in May 2019, and again in December 2019. The factual basis for the plea agreement, which the defendant swore was essentially true in the Rule 11 colloquy, belies the statements by the defendant to the defense psychologist. In the signed plea agreement, the defendant agreed that he told an investigator "I decided to try something new today, so I robbed a bank." Nowhere in the plea agreement, nor in the interview provided in discovery, does the defendant mention he thought he was a participant in a video game. In the defense evaluator's report, there is no consideration of a statement, made by the defendant to law enforcement, that he cut a section of the barrel off the rifle two weeks before he pointed it at tellers in the credit union. In both evaluations, there is concern the defendant is malingering. The second evaluation report brushes this aside because the defendant, for the first time, discusses specifics about hearing "steering" voices that tell him what to do – although they seemingly had nothing to do with the credit union robbery or its weeks of planning. The second evaluation also transformed a report of a blow to the head into a "traumatic brain injury" for which the defendant has never sought treatment, for which there is no medical corroboration, and which apparently only influenced one "impulsive" act in the defendant's life: The robbery of a credit union years later, and after much preparation.

In short, the defendant's competing evaluation, completed after the entry of a knowing plea, does not provide overwhelming evidence of legal innocence, nor meet another purpose of plea withdrawal. Delaying sentencing in an effort to avoid responsibility now that a lengthy prison sentence is on the horizon, through increasingly detailed descriptions of hallucinations, is not a proper reason to take back a guilty plea. It does not meet the "heavy burden of persuasion"

3

Case 1:19-cr-00067-WCG   Filed 08/12/20   Page 3 of 5   Document 32

necessary to establish a "fair and just reason" for plea withdrawal. <u>United States v. Malave</u>, *supra* at 148. It is one thing for a defendant to claim newly discovered evidence shows he is innocent, and he only pleaded guilty because of government malfeasance. It is quite another to permit plea withdrawal in a situation where conflicting – and conveniently favorable – information emerges from something the defendant arranged. The situation is a quieter version of that in a past case from this district, where the Seventh Circuit upheld the refusal of a defendant's effort to withdraw his plea in order to pursue an insanity defense. <u>United States v. Jones</u>, 87 F.3d 954 (7th Cir. 1996). In that case, the trial court refused to permit the defendant's attempt to withdraw his plea, and pointed out a lack of psychological or psychiatric care in combination with a thorough plea colloquy. Those same facts are present in this case, and should serve as guidance to the Court.

## IV.     CONCLUSION

The defendant had a plan to *accomplish* the robbery of an Appleton credit union. Two weeks after he altered a rifle to make it illegally short-barreled, he donned a mask and walked into the credit union. He demanded $10,000. He collected the money at gunpoint and stashed it in a bag he brought with him. He facilitated his escape by restraining employees using cable ties he brought with him. He walked out of the building with more than $10,000 he did not bring with him.

Slightly more than a block away, his lack of a plan to *get away with* the robbery became evident. The defendant encountered the police officers who arrested him and took him to the Appleton Police Department. He described to police, in detail, how he robbed the credit union. He did not claim he believed he was in a video game at that time. He did not claim he believed he was in a video game to the first psychologist who evaluated him.

He later admitted under oath the facts in the plea agreement he signed, with help from the attorney he hired, were true and supported his decision to plead guilty. He understood the rights

4

he waived by pleading guilty, and agreed he had sufficient time to make a knowing decision in taking this path instead of seeking a trial.

The defendant entered a knowing and voluntary plea. He has not demonstrated that it would be unfair and unjust to deny his efforts to withdraw it. Accordingly, the court should deny his motion to withdraw his plea.

Dated at Green Bay, Wisconsin, this 12th day of August, 2020.

Respectfully submitted,

MATTHEW D. KRUEGER
United States Attorney

By:

*/s Andrew J. Maier*

ANDREW J. MAIER
Assistant United States Attorney
United States Attorney's Office
Eastern District of Wisconsin
Green Bay Branch
205 Doty Street, Suite 301
Green Bay, WI 54301
(920) 884-1066
andrew.maier@usdoj.gov