UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                                         Case No. 19-CR-67

XENGXAI YANG,

    Defendant.

---

### REPLY BRIEF IN SUPPORT OF MOTION
### TO WITHDRAW GUILTY PLEA

---

Xengxai Yang, by attorney Tom Phillip, submits this reply brief in support of his motion to withdraw his plea of guilty. Counsel for Yang argues that Dr. Johnson's report in support of an insanity defense provides a fair and just reason to withdraw the guilty pleas pursuant to FED. R. CRIM. P. 11(d)(2)(B).

### I. PROCEDURAL HISTORY

Yang was charged in an indictment with armed bank robbery, brandishing a firearm in relation to a crime of violence, and possession of a short-barreled rifle, all in violation of 18 U.S.C. §§ 2113(a), 924(c), and 26 U.S.C. § 5841. Docket No. 1.

Yang's prior counsel entered a notice of an insanity defense (Docket No. 8) under FED. R. CRIM. P. 12.2(a), and a court-appointed psychologist (Dr. Berney) examined Yang and filed a report. Docket No. 13. The report found that Yang was sane at the time of the offense. On January 17, 2020, Yang withdrew the request for an insanity defense and entered guilty pleas to Counts 1 and 2 pursuant to a written plea agreement. Docket Nos. 15, 16.

On February 6, 2020, Yang filed a *pro se* letter requesting new counsel. Yang also asked for leave to withdraw his plea. Docket No. 17. On February 10, 2020, the Court held a status conference and allowed prior counsel to withdraw. Docket No. 18.

Undersigned counsel filed a notice of appearance on February 19, 2020. Docket No. 19. After clarifying the status of the case, undersigned counsel was allowed to explore whether motions to withdraw the defendant's guilty plea and/or to file for an insanity defense were warranted. Docket Nos. 20, 21, 24, 25.

Counsel retained an expert (Denver Johnson, Ph.D.) to review the prior report regarding the defendant's sanity. Dr. Johnson examined the defendant and prepared a written report that supports the insanity defense. Pursuant to FED. R. CRIM. P. 12.2(c)(3)(disclosing results and reports of the defendant's expert examination), counsel for Yang submitted the report to the Court and parties

under seal. Docket No. 29. Based on Dr. Johnson's report, counsel for Yang filed a motion to withdraw Yang's guilty pleas. Docket No. 27. The government responded. Docket No. 32. Yang now replies.

## II. APPLICABLE LAW

FED. R. CRIM. P. 11(d)(2)(B) states that the defendant may withdraw his plea prior to sentencing if the defendant can show a fair and just reason for withdrawal of the plea. In examining a motion to withdraw a guilty plea, the district court has three options: 1) permit withdrawal for a fair and just reason; 2) conduct an evidentiary hearing; or 3) deny withdrawal with an explanation as to why the evidence is insufficient or incredible. *United States v. Rinaldi*, 461 F.3d 922, 927 (7th Cir. 2006).

"The right to withdraw a guilty plea is not absolute. Once [a] plea was accepted by the court, withdrawal was available only upon [the defendant] showing a fair and just reason to do so. This is no mean feat. Guilty pleas are not to be treated as a strategic maneuver by the parties, and we presume the verity of the defendant statements made at a Rule 11 colloquy. Being legally innocent of a crime, however, is a fair and just reason to withdraw a guilty plea." *Rinaldi* at 926-927.

The burden lies with the defendant to demonstrate a fair and just reason for withdrawal. *United States v. Silvious*, 512 F.3d 364, 368-9 (7th Cir. 2008). The decision to allow withdrawal of a plea is within the district court's discretion. Any appellate review is for abuse of discretion, and any underlying factual findings would be reviewed for clear error. *United States v. Walker*, 447 F.3d 999, 1004 (7th Cir. 2006).

### III. ARGUMENT

*Rinaldi* notes that legal innocence would be a fair and just reason to withdraw a guilty plea. For Yang, the concept of legal innocence would encompass the insanity defense. Put differently, a trier of fact is not likely to find Yang entirely not guilty. However, the possibility exists that Yang could be found not guilty by reason of insanity. Yang should be able to withdraw his guilty plea and present that issue to either the Court or a jury.

Overall, the government's submission is not objectionable on the law. The government's brief, however, is on less solid ground when it comes to the conclusions it draws from the facts and the law. For example, when arguing that Yang's statements to Dr. Johnson are new cloth, the government states that the defendant didn't mention being a participant in a videogame in the plea agreement or in the interview provided in discovery. Docket No. 32 at 3. But Yang

said exactly that during the plea colloquy on January 17, 2020. Docket No. 16. At approximately 4:13:45 p.m., at minute 23:40 of the recording of the change of plea hearing, in response to a question from the Court, Yang states "I thought that I was in the videogame and I went to rob the bank."

The government cites *United States v. Jones*, 807 F.3d 954 (7th Cir. 1996), as a louder version of Yang's attempt to withdraw his plea. Docket No. 32 at 4. *Jones*, however, is inapposite. First, the defendant in that case bragged that he would beat the charges by acting crazy. *Id*. at 955. He consistently tried to obstruct the proceedings, and the district court specifically found that his attempt to withdraw his plea and assert an insanity defense was simply another attempt to disrupt the proceedings. *Id*. at 955. Second, no examiner supported Jones being incompetent or insane and seemingly neither did any of his many attorneys. Third, the district court relied on Jones' defense counsel who stated that he did not believe there was a valid legal argument in favor of withdrawing the plea. *Id*. at 956. *Jones* actually provides an example that, by contrast, supports Yang's position. The defendant in *Jones* was specifically and purposefully playing games regarding mental illness in order to obstruct and delay the proceedings, without any professional support. With Yang, there is no game-playing, and there is professional support from Dr. Johnson.

The government argues that Dr. Johnson's evaluation "does not provide overwhelming evidence of legal innocence." Docket No. 32 at 3. But Yang does not have to provide overwhelming evidence. The standard for withdrawal of a plea is not overwhelming, but is a fair and just reason. To be sure, providing a fair and just reason sufficient to withdraw a plea is not easy. The Seventh Circuit in *Rinaldi* described it as "no mean feat." So the standard is difficult, but it is but it is not an overwhelming standard as the government suggests. Overwhelming would be an impossible standard. Fair and just is hard enough, but even so, Yang argues that the correct legal standard to withdraw the plea has been met.

The government suggests that Yang's attempt to withdraw his guilty plea is an attempt to avoid responsibility. Even if Yang is successful in withdrawing his plea he has not yet avoided responsibility, and he may never do so. If the Court allows withdrawal of the plea, Yang would then have to convince a trier of fact that, at best, he is not guilty by reason of insanity. And even if the trier of fact so finds, Yang does not go home. Rather, he would then be committed to the custody of the Attorney General. Withdrawing a plea and presenting an insanity defense, even if successful, is not getting away with anything. A successful insanity defense would be a recognition of how the mental state of a

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

6

defendant can play a role in the offense. That is a proper consideration for the criminal justice system rather than an attempt to evade responsibility.

The government cites *United States v. Alexander*, 948 F.2d 1002 (6th Cir. 1991), arguing that Yang should not be able to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes he made a bad choice in pleading guilty. Docket No. 32 at 2. *Alexander*, though, is inapposite. In that case, the defendant gave no reasons for not bringing up the motion to withdraw the plea earlier. By contrast, counsel for Yang brought up the possibility of withdrawing Yang's pleas soon after being appointed. Specifically, counsel for Yang submitted a letter to the Court asking for clarification of the docket. Docket No. 20. Counsel's letter to the court states that in the audio of the status conference held on February 10, 2020, the Court noted that new counsel would be allowed to file a motion to withdraw the defendant's plea and/or a motion for an insanity defense, if either were warranted. The Court made no decision either way, of course, in advance of any such filings. But counsel's letter to the Court broached the idea that undersigned counsel would explore the viability of motions to withdraw the guilty pleas and reinstate the insanity defense.

Furthermore, a tactical consideration of plea withdrawal suggests a level of sophistication and forethought not possessed by the defendant. Notably,

Yang has no criminal history (*see* Pretrial Services Report, Docket No. 4) and is only age 20. He does not have the experience to attempt to play games with the criminal justice system.

Granting Yang's motion to withdraw his plea would not result in prejudice to the government. The facts of the case remain the same, and the government has not suggested any difficulties with witnesses or evidentiary presentations. Again, withdrawal of the guilty pleas would result in the filing of an insanity defense. The facts in support of the charges against Yang are strong, and it is not likely that Yang's trial defense would be to deny those facts. Rather, any trial issues would likely focus on the insanity defense. Withdrawal of the guilty pleas does not prejudice the government's evidentiary presentation. Rather, it simply shifts the focus from the facts to the defendant's mental state.

In *United States v. Walker*, 447 F.3d 999 (7th Cir. 2006), the Court of Appeals upheld the district court's denial of a motion to withdraw a plea where the defendant merely changed his mind about pleading guilty. That is not the case here. Yang hasn't simply changed his mind about entering a guilty plea. Rather, Yang's attorneys have been consistent in exploring an insanity defense. Yang's original retained counsel filed a notice of an insanity defense. Later, based on Yang's *pro se* request, that attorney was allowed to withdraw and the undersigned

was appointed. Upon reviewing the case, Yang's new counsel obtained an expert report supporting the insanity defense. That new report, Yang argues, provides a reason to withdraw the guilty pleas. Yang has not changed his mind or had a change of heart. Rather, he now has support from Dr. Johnson's report that an insanity defense is viable. Yang would like to present that defense to either a jury or the Court at a trial.

In *Rinaldi*, the defendant argued that he should be allowed to withdraw his plea because he could not form the requisite intent because he suffered from adult attention deficit disorder. Similar to Yang's case, there were competing reports from both court-appointed and defense experts. In denying the motion to withdraw the plea, the district court credited the court-appointed experts who stated that the defendant built and maintained a successful dental practice during the time that he allegedly was unable to form the intent necessary to be convicted. That is not the case here. Yang has remained in jail throughout the pendency of this matter. While Yang's case is similar to *Rinaldi* in that there are two competing reports, there is not any similar activity by Yang that would indicate to the Court that Dr. Johnson's report is inaccurate.

The trial court is in the best position to decide, in context, if Yang has presented a fair and just reason to withdraw his plea. The Court both saw and heard Yang answer questions at the change of plea hearing. In listening to the change of plea recording, Yang's answers to even simple questions are sometimes hesitant. Yang eventually does answer the Court's questions, but his overall presentation leaves some questions. The Court is also aware of the timing and access issues regarding Dr. Johnson's visits to the Brown County jail. Specifically, timing issues caused by the pandemic resulted in several counsel–only status conferences at which Yang provided updates on Dr. Johnson's work. Finally, the Court has reports from Dr. Berney and Dr. Johnson in the record. Yang's request, of course, is based upon Dr. Johnson's report. Yang isn't proposing a speculative idea that some support might be found in the future, or that some unknown examiner might provide support for an insanity defense at a later date. Rather, Yang has submitted a detailed report. Additionally, Yang is not attempting to change horses midstream. Both of Yang's attorneys raised the idea of an insanity defense. Dr. Johnson's report now supports that idea. Yang, therefore, is not coming up with an eleventh hour change of plan. Rather, Yang's desire to present an insanity defense has been consistent throughout the case.

Yang's request is not based on unreliable information or speculation on what somebody might say or do. Yang is not saying that he hopes to find something that could be a reason to withdraw his plea. To the contrary, Yang is giving an actual reason with support based on a written report from an expert. Yang isn't saying something new or different. He is actually saying the same thing he said before, though now with support from Dr. Johnson's report. This is not a case where Yang is having regret or second thoughts about his choice to enter a guilty plea. Yang now has support for an insanity defense, and Dr. Johnson's report should be seen as a fair and just reason in support of withdrawing the plea.

THEREFORE, on the above grounds, counsel for Yang respectfully requests that the defendant be allowed to withdraw his guilty pleas. As previously noted, if that request is granted, Yang would then request leave to file notice of an insanity defense under 18 U.S.C. § 17 and FED. R. CRIM. P. 12.2.

Dated at Green Bay, Wisconsin, this 20th day of August, 2020.

Respectfully submitted,

**s/ Tom Phillip**
Tom Phillip, Bar #1023113
Attorney for Defendant
Federal Defender Services of Wisconsin, Inc.
801 E. Walnut Street, Second Floor
Green Bay, Wisconsin 54301-4401
Tel: 920-430-9900

FEDERAL DEFENDER SERVICES
OF WISCONSIN, INC.

Fax: 920-430-9901  
tom_phillip@fd.org

N:\Cases-Open\Y-Z\Yang, Xengxai - 20-065\Pre-trial\Reply Brief FINAL in Support of Motion to Withdraw Plea etc.docx