UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

       v.                                     Case No. 19-CR-0067

XENGXAI YANG,

        Defendant.

## ORDER GRANTING MOTION TO WITHDRAW GUILTY PLEA

Defendant Xengxai Yang was charged in an indictment with armed bank robbery, brandishing a firearm in relation to a crime of violence, and possession of a short-barreled rifle, all in violation of 18 U.S.C. §§ 2113(a), 924(c), and 26 U.S.C. § 5841. He entered a notice of an insanity defense pursuant to Fed. R. Crim. P. 12.2(a), and a court-appointed psychologist performed an examination in which he concluded that though the issue of a severe mental defect remained "unclear," Yang did not have a severe mental disease at the time of the offense that would render him legally insane. Dr. Kent M. Berney concluded: "As I have indicated, I believe the Mr. Yang did appreciate the wrongfulness of his acts. However, Mr. Yang's appreciation of the quality of his acts remains somewhat unclear as a result of the lack of clarification regarding the diagnosis of a severe mental defect." Dkt. No. 13 at 15.

Based upon Dr. Berney's report, Yang withdrew his insanity defense and entered pleas of guilty to armed bank robbery and brandishing a firearm pursuant to a plea agreement with the government on January 17, 2020. Yang exhibited significant memory problems and mentioned hearing voices in the course of the plea colloquy, and when asked by the court why he committed

the offense, Yang stated that on the day of the robbery he had been playing a video game and due to a previous head injury he sustained at work, he didn't know what was going on. He said he thought he was in a video game and went to rob a bank as part of the game. Notwithstanding this bizarre explanation, the court accepted Yang's pleas of guilty after again confirming with counsel that he had fully evaluated the insanity defense and had concluded that it would not be successful.

Less than three weeks later, on February 6, 2020, Yang filed a pro se letter claiming his attorney never went over Dr. Berney's report with him and refused to provide him a copy. Yang asked that a new attorney be appointed and to withdraw his guilty plea. At a hearing on Yang's motion on February 10, 2020, his attorney moved to withdraw, and the court granted Yang's request for appointment of counsel subject to an indigency determination. Yang was determined to be indigent, and Assistant Federal Defender Thomas Phillip was appointed to represent Yang and determine whether grounds existed to withdraw his pleas of guilty.

Attorney Phillip retained Dr. Denver L. Johnson to evaluate Yang, and after a lengthy delay caused by the restrictions on access to inmates at the Brown County Jail due to the COVID-19 pandemic, Dr. Johnson completed his evaluation and report. Dr. Johnson who, like Dr. Berney, is a psychologist, concluded that "the multiple mental conditions that Mr. Yang was experiencing at the time of the crime seriously impaired his judgment and the ability to appreciate the nature and quality as well as the wrongfulness of his acts." Based upon Dr. Johnson's report, Attorney Phillip filed on Yang's behalf a motion to withdraw his guilty pleas and request for leave to reinstate his insanity defense.

A defendant does not have an absolute right to withdraw a guilty plea. However, a defendant may withdraw a guilty plea after the court accepts the plea but before it imposes a sentence if "the defendant can show a fair and just reason for requesting withdrawal." Fed. R.

2

Crim. P. 11(d)(2)(B).  Fair and just reasons include legal innocence, actual innocence, that the plea was not made knowingly and voluntarily, and ineffective assistance of counsel.  *United States v. Barr*, 960 F.3d 906, 917–18 (7th Cir. 2020).

"Guilty pleas are not to be treated as a strategic maneuver by the parties, and we presume the verity of the defendant's statements made at a Rule 11 colloquy."  *United States v. Rinaldi*, 461 F.3d 922, 926–27 (7th Cir. 2006) (citing *United States v. Silva*, 122 F.3d 412, 415–16 (7th Cir.1997); *United States v. Messino*, 55 F.3d 1241, 1248 (7th Cir.1995)).  But neither are they to be treated as cast in stone when a defendant offers a reasonable explanation for why he entered a guilty plea in the first place, despite his claim of innocence, and the surrounding circumstances provide some support for his position.  Yang has offered such an explanation here.

This is not a case where the defendant is recanting statements he made under oath in the course of the plea colloquy.  Yang is not denying that he robbed the credit union and brandished a firearm while doing so.  He claims instead that he was not in his right mind when he did so.  Yang seeks to withdraw his guilty plea and reinstate his plea of not guilty by reason of insanity.  Although he legally withdrew his defense of insanity upon entering his guilty pleas, his statement in response to the court's questioning at the time of his pleas indicated that he did not know what he was doing when he committed the robbery.  The court accepted the pleas only after confirming with Yang's attorney that he had investigated the insanity defense and did not find it viable based on Dr. Berney's report.  But Dr. Johnson has also now conducted an evaluation and opined that the mental conditions that Yang was experiencing at the time of the crime seriously impaired his judgment and his ability to appreciate the nature and quality as well as the wrongfulness of his acts.  This evidence did not exist at the time Yang entered his guilty pleas.

The bizarre details of the crime described by Dr. Johnson and revealed in the police reports also suggest the involvement of a mental disorder or illness. Yang has no history of criminal or antisocial conduct, yet impulsively decided to rob a bank one day. He walked into the credit union where he was a customer shortly before 6 p.m. on March 15, 2019, wearing a hooded sweatshirt, a black theatrical mask, and sunglasses, holding a sawed-off rifle pointed forward as he approached the counter. He held the branch manager and a teller at gunpoint while a second teller finished serving a customer at the drive-up window, and then ordered both tellers to empty their cash drawers. He initially said he wanted to deposit $10,000, but then said he wanted to steal $10,000. He was apprehended after a police officer saw him walking down the street a couple of blocks away wearing the same clothes, including the mask and sunglasses. He apparently had no plans for a successful getaway and seemed oblivious of the magnitude of his crime upon being arrested. When asked to explain why he committed the crime, he said that he decided to do something new, so he decided to rob a bank.

Dr. Johnson's report, while evidence supporting an insanity defense, is certainly not conclusive on the question. Both psychologists who examined Yang noted evidence of malingering in certain memory tests, but neither regarded that alone as preclusive of significant psychiatric or neurological deficits. Both also thought a significant, untreated head injury from just over a year previous might have some bearing on the question.

Considering the totality of circumstances, and in light of Dr. Johnson's report, I am satisfied that Yang has shown a fair and just reason for withdrawing his plea and reinstating his insanity defense. I detect no "game-playing" on the part of Yang, who by all accounts has a significant history of neuro-cognitive limitations and seems to have suffered a closed head injury and experienced difficulties thereafter consistent with post-concussion syndrome. As the

4

government points out, Yang has not offered overwhelming evidence of legal innocence, but overwhelming evidence is not required. What is required is a fair and just reason, and Yang has provided such a reason here. His motion is therefore granted. The clerk is directed to set this matter for a telephone conference to discuss further proceedings.

**SO ORDERED** at Green Bay, Wisconsin this 31st day of August, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge
