U.S. District Court
Wisconsin Eastern
NOV - 5 2021
FILED
Clerk of Court

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                   Cade No. 19-CR-0067

XENGXAI YANG,

    Defendant.

---

### NOTICE TO INITIATE 2255 PETITION AND REQUEST ASSISTANCE OF COUNSEL

---

    COMES NOW, Xengai Yang, Pro-Se, In the above Caption, Hereby Requests to File a Notice to Initiate for a 2255 Petition to recieve relief due to Ineffective Assistance Of Counsel during Court Proceedings on or about February 5, 2021, Defendant was sentenced to 168 months. And is Respectfully Requesting in this Petition 2255. For Assistance of Counsel.

    On or About November, 2020., Attorney Kevin Musalf, had been terminated from the defendants Case No: 19-CR-67., And this Court Appointed Tom Phillip, in his stead as new counsel. An the defendant came across a few fact[s] Post Conviction as his bases that would constitute his claims and would validate that Newly Appointed Counsel one: Mr. Phillip, violated his Attorney/Client relationship causing the court proceedings to travel down on undesirable courses to my wishes.

    In The Following Reasons Listed Below:

    (1) Under 28 U.S.C sec. 2255 In order to recieve relief from this Honorable Court, an to essentially reopen the criminal process for the defendant whom has already had an opportunity to full court proceedings, a petitioner must show that the court sentenced him in violation of the constitution or laws of the Unted States.: Hays v. United States, 397 F.3d 564, 566 (7th Cir. 2005).

-1-

(2) Under sec. 2255., Anyone who claims "Ineffective Assistance Of Counsel" must satisfy the two-prong test set forth in: Strickland v. Washington; 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). First, The Petitioner must show that the counsel's representation fell below an objective standard of reasonableness.

To the first prong, a petitioner must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.' Second, the petitioner must show that counsel's defcient performance was so prejudice to their defense that they have been deprived of their right to a fair trial.

As to the Third Prong, the petitioner must establish " that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."

Simply put, Counsel Mr. Phillip, was assigned to my case, he did not discuss nor did he ever give me a chance/choice for pursuing alternate options. Rather he proceeded on his own without consulting with me. Had Mr. Phillip's, consulted with my person in hiring an additional "doctor" for a second opinion, the proceedings would have been different as I would have accepted the plea deal offered, Inwhich I had intented at the beginning.

More specifically, Mr. Musalf, was fired due to the fact that he did not review with my person the doctor's report. And I had never told nor stated to Mr. Phillip's, that I refused the plea deal that was offered. As had this plea deal been better explained to my person, I would not had allowed him to do as he did. As Mr. Phillip's, infact misled my person.

I do believe all my reasonings has met the criteria, to the best of my knowledge and swear that all is truthful. an with all due respects. As to this Pro-Se, Petitioner's Request for 2255/For Appointed Counsel, An the ground work would be laid for the Following sought relief:

1). Provide enough validity to my claims to warrant on an evidentiary hearing to prove ineffective assistance of counsel;

2). To vacate the current sentence in order to be resentenced with a similar or applicable plea deal offered as to the original proceeding's; And

3). Any an All other relief that may be warranted.

RESPECTFULLY SUBMITTED THIS 31st DAY OF OCTOBER, 2021.

Pro-Se: Xengxai Yang, 16979089
FCI-Sandstone, (C-Unit)
P.O. Box 1000
Sandstone, MN 55072

C.C.: Honorable Judge William C. Griesbach, Attorney Tom Phillip, and D.A. Andrew Maier.