```
                    UNITED STATES DISTRICT COURT
                FOR THE EASTERN DISTRICT OF WISCONSIN
                         GREEN BAY DIVISION
------------------------------------------------------------------
 UNITED STATES OF AMERICA,            )
                                      )
                     Plaintiff,       )  Case No. 19-CR-67
                                      )  Green Bay, Wisconsin
      vs.                             )
                                      )  October 16, 2020
 XENGXAI YANG,                        )  11:02 a.m.
                                      )
                     Defendant.       )
                                      )
------------------------------------------------------------------
```

## TRANSCRIPT OF WAIVER OF RIGHT TO JURY TRIAL
BEFORE THE HONORABLE WILLIAM C. GRIESBACH
UNITED STATES SENIOR DISTRICT JUDGE

APPEARANCES:

For the Plaintiff
 UNITED STATES OF AMERICA:      United States Department of
                                Justice
                                By: Andrew Maier
                                Office of the US Attorney - 205
                                Doty Street - Ste 301
                                Green Bay, WI 54301
                                Ph: 920-884-1068
                                Fax: 920-884-2297
                                andrew.maier@usdoj.gov

For the Defendant
 XENGXAI YANG:                  Federal Defender Services
  (Present via Zoom)            By: Thomas E Phillip
                                801 E Walnut St - 2nd Fl
                                Green Bay, WI 54301
                                Ph: 920-430-9900
                                Fax: 920-430-9901
                                Tom_Phillip@fd.org

 U.S. Probation Office:         Brian Koehler


 U.S. Official Transcriber:     SUSAN ARMBRUSTER, RPR, RMR
 Transcript Orders:             Susan_Armbruster@wied.uscourts.gov

Proceedings recorded by electronic recording,
transcript produced by computer aided transcription.

```
 1                    TRANSCRIPT OF PROCEEDINGS
 2                   Transcribed From Audio Recording
 3                            *     *     *
 4             THE CLERK:  The Court calls Case No. 19-CR-67, United
 5   States of America v. Xengxai Yang, for a waiver hearing.  May I
 6   have the appearance, please.
 7             MR. MAIER:  Andrew Maier appears for the United
 8   States.  Good morning, Your Honor.
 9             MR. PHILLIP:  Good morning, Your Honor.  Tom Phillip
10   appears.  Mr. Yang appears by video from the Brown County Jail.
11   He and I have discussed the ability to have hearings by video
12   instead of in person, and we both agree that the Court can hold
13   this hearing by video given the pandemic and other associated
14   transportation and quarantine issues.
15             THE COURT:  Okay.  Good.  And Mr. Yang, that's right,
16   you understand you could be in court, and we could wait until we
17   can safely bring you to court to conduct this waiver hearing but
18   that would delay things.  Do you wish to go forward?
19             DEFENDANT:  Yes, I do.
20             THE COURT:  Okay.  And I'm satisfied with the chief
21   judge's finding that holding in-person hearings seriously risks
22   public health and safety as well as the health and safety of the
23   participants and the staff and Court along with my own finding
24   that delaying this case further would seriously impair the
25   interests of justice.  We can go forward.
```

1     I have before me then a waiver of the right to a jury
2 trial that appears to have the signatures of counsel and
3 Mr. Yang.  And Mr. Phillip, I take it you went over this right
4 in some detail before your client signed this waiver form; is
5 that right?
6     MR. PHILLIP:  Yes, Your Honor.  In several meetings
7 with Mr. Yang at the Brown County Jail, we discussed the concept
8 of a court trial.  We discussed the logistics of court and jury
9 trials.  We discussed the pros and cons of both and given the
10 factual situation in the case and given the withdrawal of the
11 plea and the reinstitution of the insanity defense.  Based on
12 all of those things together during our conversations, Mr. Yang
13 has agreed that the trial is one for the Court rather than for a
14 jury.
15     THE COURT:  Okay.  Mr. Yang, is that correct you wish
16 to give up or waive your right to a jury trial?
17     DEFENDANT:  Yes, Your Honor.
18     THE COURT:  Okay.  And you understand that in a jury
19 trial, of course, your case is decided by 12 citizens from this
20 district, that all of them have to agree that the Government has
21 proven its case beyond a reasonable doubt.  And on the issue
22 when the issue is insanity or not guilty by reason of mental
23 disease or defect, how does the burden work on that,
24 Mr. Phillip?  I haven't looked at this lately or Mr. Maier.
25 Does it shift?  Is it shifting, or does it remain on the

1    Government throughout?
2            MR. MAIER:  I don't want to misinform the defendant.
3            THE COURT:  Let's see what my bench book says.
4            MR. PHILLIP:  Your Honor, the burden is on me on the
5    defendant to introduce that evidence and to, well, to make a
6    presentation that the defendant would be not guilty by reason of
7    mental disease or defect.
8            THE COURT:  And it remains on you throughout the trial
9    as to the issue of mental responsibility.  Mr. Phillip, is that
10   your understanding?
11           MR. PHILLIP:  Yes.
12           THE COURT:  And that burden of proof, it's not beyond
13   a reasonable doubt I take it?
14           MR. PHILLIP:  I have to prove the existence of the
15   defense by clear and convincing evidence.
16           THE COURT:  Okay.
17           MR. PHILLIP:  So it's 18 U.S.C. § 17.  18 U.S.C. § 17
18   says that it's an affirmative defense to a prosecution that at
19   the time of the commission of the acts constituting the offense,
20   the defendant as a result of a severe mental disease or defect
21   was unable to appreciate the nature and quality or wrongfulness
22   of his acts.  And then (b), the defendant has the burden of
23   proving the defense by clear and convincing evidence.
24           THE COURT:  That was what section again 18 --
25           MR. PHILLIP:  17.  18 U.S.C. § 17.

Waiver of Jury Trial
October 16, 2020

1    THE COURT: As you can tell, Mr. Yang, we don't have a
2 lot of these, and so it's unusual. Of course, I'll be looking
3 much more closely at this section, but you should understand
4 that even on the issue of guilt, of course on the issue of guilt
5 whether you committed the crime, the Government would have to
6 prove each of the elements beyond a reasonable doubt.
7    And on the issue of whether or not you suffered from a
8 mental disease or defect at the time that it absolves you of
9 criminal responsibility, that would be your burden -- your
10 attorney's burden with you to prove by clear and convincing
11 evidence that -- that you had such a defect.
12    Do you understand by waiving or giving up your right
13 to a jury trial instead of having all 12 jurors convincing them
14 of that fact or having the Government convince them beyond a
15 reasonable doubt of guilt, you're relying on just me just, the
16 Judge, to make those findings. The burden of proof remains the
17 same, but it is one person instead of a unanimous verdict of 12.
18 Do you understand that?
19    DEFENDANT: Yes, Your Honor.
20    THE COURT: Do you understand that when we -- When we
21 bring a jury in, when we summons in a jury and we -- we choose
22 a jury, we have procedures to make sure they will be fair and
23 impartial. We can ask them questions. You submit questions
24 that I put to them. And again, the purpose of the questions is
25 to make sure that they don't have any interest in the outcome of

5

Case 1:19-cr-00067-WCG   Filed 10/24/22   Page 5 of 12   Document 63

1  the case other than as citizens of the community and they have
2  no reason to rule for one or the other.  They're doing their
3  best to be fair.  So there's all these protections.
4           And once we qualify the number of required jurors,
5  your attorney can take strikes and the Government takes strikes
6  to get down to the 12 that then decide the case.  So there's an
7  elaborate procedure to make sure that the jury will be fair and
8  impartial.  Do you understand that?
9           DEFENDANT:  Yes.
10          THE COURT:  Okay.  And that's what you're giving up.
11 You're just going to present the case to me, and I will again
12 doing my best to be fair and impartial in arriving at a just
13 verdict will render the decision.  Is that your understanding of
14 how it works?
15          DEFENDANT:  Yes, Your Honor.
16          THE COURT:  Did anyone make any promises to you to get
17 you to give up this right to a jury trial?
18          DEFENDANT:  No, Your Honor.
19          THE COURT:  Did anyone make any threats against you or
20 anyone else to get you to do so?
21          DEFENDANT:  No.
22          THE COURT:  Okay.  And you've been in the Brown County
23 Jail a period of time.  And I know COVID is a concern.  You
24 realize that if you wanted a jury trial even though it's been
25 difficult to conduct jury trials, we would --  We have conducted

```
 1  a jury trial in the not too distant past, and we'll be in a
 2  position to conduct a jury trial.  I don't want you to give up
 3  your right to a jury trial because you don't think we would --
 4  you would get a hearing, you would get a trial.  Do you
 5  understand that?
 6              DEFENDANT:  Yes.
 7              THE COURT:  Okay.  Do you have any questions about
 8  anything I've asked or anything or the right itself?
 9              DEFENDANT:  No, I do not.
10              THE COURT:  Okay.  Now, I've previously addressed you
11  and I don't remember all of the answers to your questions about
12  how far you went in school.  I know you've been diagnosed as
13  having at least on this particular indication a mental disease
14  or a defect that rendered you not responsible, but are you
15  feeling good today?
16              DEFENDANT:  Yes, I am.  Throughout my time in the
17  trial, I've recovered a little bit and I'm starting to feel like
18  myself more.
19              THE COURT:  Okay.  That's good.  Are you getting any
20  kind of schooling or any programming or anything?
21              DEFENDANT:  Due to COVID not as of now.
22              THE COURT:  Yeah, okay.  Are you receiving are you
23  getting any kinds of medication?  Are you on any medication or
24  anything?
25              DEFENDANT:  No.
```

1    THE COURT:  Okay.  And you graduated from high school;
2 is that right?
3    DEFENDANT:  I graduated from Brown County Jail.
4    THE COURT:  Okay.  So you got your GED at the jail?
5    DEFENDANT:  My HSED.
6    THE COURT:  HSED.  Before you were arrested, you were
7 working at a cheese factory as I recall; is that right?
8    DEFENDANT:  Correct.
9    THE COURT:  Were you living at home with your parents?
10    DEFENDANT:  Yes, Your Honor.
11    THE COURT:  Okay.  You are married though, right?
12    DEFENDANT:  No, I was engaged.
13    THE COURT:  Engaged okay.  Mr. Phillip, do you have
14 any reason to believe that your client's decision would be
15 affected by any mental illness or lack of understanding or
16 anything?
17    MR. PHILLIP:  No, I believe that he's competent to
18 make this decision, and we've discussed it at length over
19 several meetings and we've discussed the posture of the case at
20 length over several meetings, so I think he's making a knowing
21 decision and a voluntary decision to waive the jury.
22    THE COURT:  Okay.  Thank you.  Mr. Maier, do you have
23 any questions you think I should put to Mr. Yang about this?
24    MR. MAIER:  No, Your Honor.  Thank you.
25    THE COURT:  And you're giving up the Government's

1 right to a jury trial as well?

2 MR. MAIER: Yes.

3 THE COURT: Okay. I will -- Pardon?

4 MR. PHILLIP: I interrupted.

5 THE COURT: I will go ahead and accept the waiver. I
6 find it to be knowing and voluntary. I think Mr. Yang has --
7 seems very lucid today. He seems like he's consistent with what
8 his attorney said has discussed this in detail and has made an
9 informed decision, so I accept the waiver.

10 MR. PHILLIP: Your Honor, there's one other issue that
11 just came up in the last day or so regarding scheduling. The
12 Government talked with Dr. Berney. He would be one of the
13 witnesses at the court trial. And Dr. Berney is, I believe, 75
14 or so years old and is concerned about appearing in person at
15 the trial.

16 Also, despite bad luck of the draw, his main day to
17 see patients is Tuesday, and that's the day of the week that is
18 scheduled for the trial. I'm -- I will talk with my client in
19 person on Monday likely about Dr. Berney perhaps testifying by
20 telephone, and so I will discuss that off the record with my
21 client and inform the Government and the Court if that's a
22 possibility.

23 Alternatively, I'll discuss testifying by video. The
24 Government discussed that with Dr. Berney and apparently he does
25 not have very good service where he resides and so the video may

1  be problematic if we do it that way.  Let's see.  So that's an
2  issue that I'll discuss with my client and notify everyone
3  about.  And as to scheduling, we may --  We may need to ask the
4  Court to move the date not by much, a day or so.  But again
5  Tuesdays, apparently, are problematic for Dr. Berney's schedule,
6  and we're scheduled for Tuesday, the 27th.
7         I'm not asking the Court to make any decisions about
8  that right now.  Again, I'll talk with my client.  And if
9  there's going to be an issue about timing or about telephone
10 testimony, I'll ask the Court to convene a hearing on those
11 issues.
12        THE COURT:  Okay.  Well, let me just say this.  First
13 of all, I don't --  because it is a trial to the Court, it
14 should not be difficult to move it.  We're not having in-person
15 hearings.  Most of what I'm doing I can move around.  This would
16 have priority so don't worry about that, we can move it.
17        The other point I would ask Mr. Maier to be mind --
18 or to let Dr. Berney know is that we have Plexiglass around the
19 witness stand.  We are wearing masks.  We are using all kinds of
20 precautions.  There are very few people that come into the Court
21 right now.  We're not having in-person hearings.  So in terms of
22 the fear he has, this would be a pretty safe place to come and
23 testify, at least that would be my suggestion that that be
24 conveyed to him.  But if necessary, you know, I would prefer
25 video more than phone.  I'd actually prefer he be here, but I'll

1  leave that --  if that's not possible and you reach agreements
2  then that's what we'll do.
3              MR. MAIER:  Thank you, Your Honor.
4              MR. PHILLIP:  Thank you.  And I will be in touch with
5  the parties and the Court on those issues in pretty short order.
6              THE COURT:  Okay.  Thank you all.  Goodbye.
7  (Whereupon proceeding was concluded.)

C E R T I F I C A T E

        I, SUSAN ARMBRUSTER, RMR, Official Court Reporter and Transcriptionist for the United States District Court for the Eastern District of Wisconsin, do hereby certify that the foregoing pages are a true and accurate transcription of the audio file provided in the aforementioned matter to the best of my skill and ability.

Signed and Certified October 24, 2022.

/s/Susan Armbruster

Susan Armbruster

                Susan Armbruster, RPR, RMR
                United States Official Reporter
                517 E Wisconsin Ave., Rm 200A,
                   Milwaukee, WI 53202
                Susan_Armbruster@wied.uscourts.gov